IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD GIBSON, | ) | Case No. 5:17-cv-00008 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JAMES HAVILAND, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.     Introduction

After a jury found petitioner Reginald Gibson guilty of abduction and felonious assault, the trial court sentenced him to an 8 year prison term.[1]  On December 19, 2016, he filed a writ of habeas corpus pursuant to 28 U.S.C. §2254 seeking to vacate his convictions.  ECF Doc. No. 1.  Gibson presents twenty-eight grounds for relief in his petition.

Warden James Haviland, of the Allen Correctional Institution in Lima Ohio, maintains custody of Gibson.  Warden Haviland has moved to dismiss Gibson's petition on the contention that his claims are either procedurally defaulted or non-cognizable or both.  ECF Doc. No 10.  Gibson opposed the motion to dismiss.  ECF Doc. No. 25.  Because all of Gibson's claims have been procedurally defaulted, I recommend that the court should **GRANT** Respondent's motion to dismiss.

---

[1] Gibson received concurrent prison terms of 8 years for the felonious assault conviction and 36 months for the abduction conviction. Exs. 67-79.

II.     **Statement of Facts**

The Ohio Court of Appeals recited the facts of this case as follows.  These factual

findings are "presumed to be correct," unless Gibson rebuts the presumption "by clear and

convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir.

1998):

> {¶2} Darlene Quarterman and appellant have known each other for 6 years. Prior to
> January 12, 2013, they had not seen each other for about a month when they "ran into
> each other" and Quarterman asked appellant about her belongings that were still at his
> home. Appellant suggested they get together later to discuss moving her things into
> storage. Quarterman was now involved in a new relationship and her new friend was
> present when this conversation took place.
>
> {¶ 3} On January 13, 2013, Quarterman rented a room at the Perry Inn, located at 4531
> Lincoln Way East, Perry Township, Massillon, Ohio, for two days. She and appellant
> were at the motel together in Room 122 drinking with another resident and listening to
> music. The other resident left and Quarterman and appellant decided to go to the nearby
> Sheetz gas station to buy beer. On the walk back from Sheetz to the motel, they talked
> about Quarterman "moving on" in her new relationship. Quarterman testified within five
> or ten minutes of arriving back in the motel room, appellant began to repeatedly hit her in
> the face with his fist.
>
> {¶ 4} Quarterman testified appellant continued "whaling on [her], hitting [her] in the
> face" for ten or fifteen minutes while she begged him to stop. She tasted blood and felt
> blood coming from her eye. Appellant told her to take her clothes off and she complied
> because his fist was drawn back. He continued to strike her repeatedly.
>
> {¶ 5}   At one point, Quarterman said she tried to leave the room while appellant was in
> the bathroom. She ran out of the motel room naked with her clothes in her hand and
> knocked on another door. Appellant came out and dragged her back into the room by the
> braids in her hair.
>
> {¶ 6} Finally, appellant told her to lie down and be quiet. When the beating stopped and
> appellant told her to lie still, Quarterman thought he might fall asleep. When he seemed
> to be asleep, Quarterman ran from the room to the motel office clothed but without shoes
> and the desk clerk called 911 at 2:52 a.m.
>
> {¶ 7} Two officers from the Perry Township Police Department responded with
> paramedics. They found Quarterman in the motel office sitting on a stool; she appeared
> "shaken up" and was crying and scared. She had obvious significant injuries: her left eye

2

was swollen shut with a large bleeding laceration on it and her nose was swollen. The officers asked what happened and she told them her ex-boyfriend struck her repeatedly in the face with a closed fist. The officers photographed Quarterman's injuries before she was transported by paramedics.

{¶ 8} The officers found the door of Room 122 ajar and appellant was asleep in the bed. Both officers noticed a large amount of blood throughout the room, on the floor, on a pair of shoes, in the bathroom, and on a wash rag in the sink. The officers woke appellant and pulled the covers off him; as he sat up, they discovered he was naked and there was blood underneath him on the sheets of the bed and the pillowcases.

{¶ 9} The officers told appellant why they were there and appellant stated he didn't know Quarterman was injured or how it happened; when he went to sleep, she was fine. Officers observed a small spot of dried blood on appellant's left cheek and a small amount of blood on the palms of both hands; he didn't know how it got there and had no injuries. The officers took photos of the scene and of appellant.

{¶ 10} Appellant refused to answer any further questions and was arrested.

{¶ 11} In the meantime, paramedics transported Quarterman to Aultman Hospital by ambulance. They were concerned for her head injury because although she was alert and oriented at first, she became lethargic and could not tolerate the weight of an ice pack on her eye. Quarterman was determined to have fractured orbital bones and a broken nose, requiring surgery.

*State v. Gibson*, 5th Dist. No. 2013CA00175, 2014-Ohio-1169.  ECF Doc. No. 10-1, Ex. 18, Page ID# 303-05.

III.    **Procedural History**

A.    **State Conviction**

A Stark County grand jury indicted Gibson on one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) and one count of abduction in violation of Ohio Revised Code § 2905.02(A)(2).   ECF Doc. No. 10-1, Ex. 1.  Upon arraignment, Gibson pleaded not guilty.  Id. at Ex. 2.  At an initial appearance, bond was set at $50,000.00 with 10% cash to be posted.  Id. at Ex. 3.  Gibson filed a motion to modify his bond to allow submission of a surety bond.  Id. at Ex.4.  The court granted the motion setting the bond at $500,000 surety. Id. at Ex.5. Bond was later reduced to $250,000.00 cash or surety. Id. at Ex.6.

3

On July 23, 2013, Gibson's counsel moved to withdraw, citing irreconcilable differences and Gibson's desire to represent himself at trial. Id. at Ex. 7.  The trial court granted counsel's motion to withdraw.  Id. Ex.8.[2]  Gibson waived his right to counsel and elected to represent himself. Id. at Ex. 10.  The court appointed standby counsel.  Id.  The case proceeded to trial, and the jury returned verdicts finding Gibson guilty of felonious assault and abduction.  Id. at Ex.11.  On August 5, 2013, the trial court sentenced Gibson to concurrent prison terms of 8 years on the felonious assault conviction (Count 1) and 36 months for the abduction conviction (Count 2). Id. at Ex.12, Case No. 2013CR0120.

### B.    Direct Appeal

Through counsel, Gibson filed a timely notice of appeal raising three assignments of error:

1.    The trial court erred by allowing Appellant to waive his right to counsel, as Appellant's waiver was not knowingly [*sic*], intelligently [*sic*], and voluntary.

2.    The trial court erred by punishing the Defendant for exercising his constitutional right to defend himself at a jury trial by sentencing Appellant to the maximum sentence for the offense of felonious assault.

3.    The jury's finding of guilty was not supported by sufficient evidence.

Id. at Ex.14.  The State filed a brief opposing the assignments of error raised by Gibson. Id. at Ex.15.[3]  On March 17, 2014, the Ohio Court of Appeals affirmed the trial court's judgment.  Id. at Ex.18, Case No. 2013 CA 00175.  Gibson abandoned his direct appeal by not filing a timely appeal to the Ohio Supreme Court.

---

[2] Gibson sought a transcript of the July 23, 2013 hearing. The trial court granted Gibson's motion. Ex.9.
[3] Gibson then filed a "Motion to Dismiss for Lack of Compliance" arguing that his conviction should be dismissed because Juror #120 was not a registered voter. Ex.16.  On March 13, 2014, the appellate court denied Gibson's motion as a "nullity under the Appellate Rules" and "not submitted in compliance with any Appellate Rule." Ex.17.

### C.     Delayed Motion for Appeal to the Supreme Court on Direct Appeal

More than 2 years later, on May 27, 2016, Gibson filed a notice of appeal and a motion for leave to file a delayed appeal in the Ohio Supreme Court.  Id. at Exs. 19-20. On July 27, 2016, the Supreme Court denied Gibson's motion for delayed appeal and dismissed the case without explanation.  Id. at Ex. 21, Case No. 2016-0822.

### D.     Ohio Appellate Rule 26(B) Application to Reopen Appeal

Shortly after the denial of his direct appeal, Gibson filed an Ohio App. R. 26(B) application to reopen his appeal.[4]  He asserted three assignments of error:

1.  Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate (sic) failed to raise that the jury verdict forms failed to comply with R.C. 2945.75.

2.  Appellate counsel failed to raise issue that stand-by attorney failed to object to the bailiff administering the oath to the jurors pursuant to 2945.28 and deprived Appellant of his Fourteenth Amendment right of due process and his Sixth Amendment right to an impartial jury.

3.  Appellate counsel failed to raise issue that Appellant was deprived of his Fourteenth Amendment right of due process and his Sixth Amendment right to an impartial jury when the trial court allowed Juror #137 to sit on jury convicted of a felony.

Id. at Ex. 22.  The appellate court denied Gibson's application, finding that Gibson failed to establish ineffective assistance of appellate counsel. The appellate court determined that none of Gibson's proposed assignments of error had merit and Gibson failed to demonstrate prejudice. (Exhibit 25, Case No. 2013 CA 00175.)

---

[4] Ohio App. R. 26(B) permits a defendant to apply for reopening of an appeal from judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel. Gibson filed his motion to reopen his direct appeal on April 15, 2014.

On June 30, 2014, Gibson filed a timely notice of appeal to the Supreme Court of Ohio. Id. at Ex. 28.  In an entry filed September 3, 2014, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). Id. at Ex. 31, Case No. 2014-1107.

### E.        First Petition for Post-Conviction Relief

On February 5, 2014 – while his direct appeal was pending – Gibson timely filed a petition to vacate or set  aside judgment of conviction or sentence.  Gibson's petition asserted four claims:

1. Defendant's *Eighth Amendment* under the United States Constitution and *Article I, Section 13* of the Ohio Constitution right was violated by setting  his bond at $500,000 cash surety. Excessive bail shall not be required, *Ohio Constitution art I, §13*. Excessive bail shall not be required,  nor  excessive fines imposed, nor cruel and unusual punishments inflicted.  *U.S. Constitution Amendment VIII*.

2. Defendant's Due Process rights under **Sixth and Fourteenth Amendment**  of the United States Constitution were violated. The Fourteenth Amendment promise of due process of law must carry the basic guaranties  of the Bill of Rights to defendants in state trials, including the right to have a fair trial. The United States Supreme Court has observed that "no  right ranks higher than the **[Sixth Amendment]** right of the accused to a  fair trial.

3. Defendant's **First Amendment** right was violated when he was not give the copy of his July 23rd, 2013 motion hearing transcript which he specifically requested by way of discovery under *Crim. R. 16* from the State. ***AMENDMENT 1** Congress shall make no law respecting an  establishment of religion, or prohibiting the free exercise thereof; or  abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances*. Under the ***U.S. Constitution amend. I,*** the press and the  public have a presumed  right of access to court proceedings and documents.

4. Defendant's **Sixth Amendment** right was violated due to ineffective  assistance of counsel in not advising him of the exculpatory evidence in his favor. Defendant attorney's performance fail to meet his requirements  of the Sixth Amendment where (1) his performance falls below an objective standard of reasonableness, and (2) this deficient performance  prejudices the defense. An appellate court will find prejudice where the  reasonable probability that but for counsel's unprofessional errors,  the  result of the proceeding would have been different.

Id. at Ex.33.  On May 23, 2014, the trial court dismissed Gibson's petition, finding Gibson's claims barred by the doctrine of *res judicata*.  Id. at Ex. 35, Case No. 2013CR0120.  Gibson failed to file a timely notice of appeal of this ruling to the Ohio Court of Appeals.

Nearly one year later, on April 3, 2015, Gibson filed a notice of appeal and motion for leave to file a delayed appeal with the appellate court.  Id. at Exs. 36, 37.  On April 23, 2015, the appellate court denied Gibson's motion for leave to file a delayed appeal noting that Ohio App. R. 5(A) is not available in an appeal of a post-conviction relief determination and Gibson failed to demonstrate sufficient cause for the untimely filing. Id. at Ex. 39, Case No. 2015CA00056. Gibson did not appeal that determination to the Ohio Supreme Court.

**F.      Second Petition for Post-Conviction Relief**

On June 19, 2014, Gibson filed a document entitled "Appeal to Vacate or Set Aside Judgment of Conviction or Sentence" in both the Ohio Court of Appeals and the trial court. Gibson attempted to raise thirty-three claims in this filing:

1.   Appellate was denied his due process right due to ineffective assistance of counsel.

2.   The trial court erred by setting the appellate bond so excessive.

3.   The trial court erred by not compelling the State to produce all exculpatory evidence.

4.   The trial court erred denying Appellate the right to a fair trial.

5.   The trial court erred when it denied appellate request for a continuance to prepare for trial because the State failed to prove appellate guilt beyond a reasonable doubt.

6.   Prosecutor inflammatory statement denied appellate a fair trial.

7.   The trial court erred denying Appellate expert assistance.

8.   The trial court erred by not providing Appellate with a copy of the transcripts of his proceedings.

9.   The trial court erred when it denied appellate post-conviction relief appeal under the doctrine of res judicata.

7

10. The trial court erred in holding a pro se litigant to the same standards as a licensed attorney, while denying him effective access to law materials.

11. Due to Brady violations the Appellate was denied his due process rights.

12. Appellate was deprived his Sixth Amendment right to have effective assistance of counsel.

13. When the trial judge failed to do his/her duty, Appellate was deprived his due process rights.

14. Due to misconduct of appellate hired counsel, Appellate was denied ineffective assistance of counsel.

15. The trial court violated due process and committed plain error, by finding Appellate-Defendant guilty without offering him an opportunity to present a full defense.

16. Appellate convictions was obtained unconstitutionally due to unfair conduct by the prosecutor.

17. The prosecution failed to comply with Ohio Rule of Criminal Procedure, Appellate was deprived his due process rights.

18. Due to the prosecution concealment of information and evidence, Appellate convictions was obtained unconstitutionally.

19. The trial court erred by not allowing the jury to determine all material facts in the case.

20. Due to ineffective pretrial counsel, Appellate was denied a fair trial.

21. Appellate was denied due process because the prosecutor was working under the color of law.

22. The trial court erred by forcing the Appellate to testify violating his Fifth Amendment right.

23. Appellate counsel failed to obtain a complete record of all transcript proceedings for appeal court review, denying him due process rights.

24. When standby counsel failed to subpoena material witnesses, Appellate was denied due process and a right to a fair trial.

25. When the trial court erred by not holding any pretrial hearings, Appellate was denied due process.

8

26. Due to prosecutorial misconduct and vindictiveness, Appellate was deprived his Sixth and Fourteenth rights to the U.S. Constitution.

27. Due to cumulative Constitutional errors, Appellate was deprived his due process rights.

28. The trial court erred by not allowing appellate to be present at his bond hearing, Appellate was deprived his due process right when (sic).

29. The trial court erred by permitting the prosecutor to speak on evidence in the presence of the judge.

30. The trial court erred by preserving the written statement of the State's witness.

31. Appellate was denied equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

32. When appellate hired counsel(s) failed to motion for an evidentiary and suppression hearing, Appellate was deprived of his due process rights.

33. The trial court erred when it denied Appellate request to retail (sic) counsel at sentencing.

Exs. 26 & 40; Case No. 2013CA00175 & 2013CR0120.

In a judgment entry filed July 30, 2014, the appellate court dismissed Gibson's "appeal" finding that it was without jurisdiction to entertain his successive petition. Ex. 27.

On February 24, 2015, the trial court also dismissed the attempted "appeal." The trial court determined that Gibson had not demonstrated or argued the prerequisites for filing a second or successive postconviction petition pursuant to R.C. 2953.23.  Ex. 43, at Page ID#859.  The court ruled that it was without jurisdiction to entertain Gibson's successive petition.  Id.  The trial made the alternative finding that 31 of Gibson's 33 claims were barred by the doctrine of *res judicata* because they were not raised on direct appeal.  Id.  On the two remaining claims (ninth and twenty-third) the trial court found that the claims were not properly before the court because they were matters for the appellate court.  Id.

9

Gibson filed a timely notice of appeal of the trial court's February 24, 2015 order with Ohio Court of Appeals on March 16, 2015.  Id. at Ex. 45.   The appellate court dismissed the appeal and affirmed the judgment of the trial court, finding that Gibson did not demonstrate the statutory grounds for entertaining a second postconviction petition.  Id. at Ex. 48.

### G.    State Habeas Petition

Meanwhile, on December 2, 2014 Gibson, filed a petition for writ of habeas corpus in the Ohio Eleventh District Court of Appeals, Ashtabula County, Ohio.  Gibson's petition alleged that his bond was excessive, he never attended his bond hearing, he was denied the effective assistance of pretrial counsel and appellate counsel, the trial court erred by denying him a continuance prior to trial, the trial court failed to hold an evidentiary hearing, photographs presented at trial were highly prejudicial, the trial court erred by denying him an expert at trial, waiver of counsel was not knowing and voluntary, the prosecutor withheld evidence, prosecutorial misconduct, the State failed to provide transcripts, insufficient evidence to convict, improper evidentiary rulings, improper jury forms, improper administration of the oath to the jurors, and that Juror #137 should have not been allowed to sit on the jury due to a prior felony conviction.[5]  Id. at Ex. 49.  On August 7, 2014, in a per curiam opinion, the Eleventh District Court of Appeals dismissed Gibson's petition, finding that Gibson's claims could have been raised on direct appeal or in Gibson's 26(B) application and, thus, were barred by the doctrine of *res judicata*.  Id. at Ex. 50.

---

[5] Gibson listed 19 grounds in his state habeas petition.  However, the grounds did not match up completely with what was argued in the petition.  Therefore, the undersigned has instead summarized the grounds.

On August 21, 2015, Gibson filed a notice of appeal to the Ohio Supreme Court.  Id. at

53.  On June 16, 2016, the Ohio Supreme Court affirmed the judgment and findings of the

appellate court.  Id. at Ex. 56.

### H.    Motion for Leave to File Delayed Motion for New Trial

On February 10, 2016, Gibson filed a delayed motion for new trial pursuant to Crim. R.

33 in the trial court.  Id. at Ex. 57.  On March 18, 2016, the trial court denied Gibson's motion as

untimely.  Id. at Ex. 58.  The trial court found that Gibson had not demonstrated cause sufficient

to excuse his delay.  Id. at Page ID# 1250.  The trial court further found that Gibson's claims

barred by the doctrine of *res judicata*.  Id.

Gibson appealed the trial court's determination to the court of appeals on April 7, 2016.

Id. at Ex. 59.  The court of appeals affirmed the decision on September 12, 2016.  Id. at Ex. 63.

Gibson subsequently filed a notice of appeal of the appellate court's determination to the Ohio

Supreme Court, but the Court declined to accept jurisdiction of that appeal.  Id. at Ex. 66.

### I.    Federal Habeas Petition

Gibson filed his federal habeas petition on December 19, 2016.[6]  ECF Doc. No. 1, Page

ID #77.  Gibson's petition raises twenty-eight grounds for relief.  ECF Doc. No. 1, Page ID #:

20-74.  Each ground for relief is listed and discussed in the analysis section below.

---

[6] Gibson indicated that he placed the instant petition in the prison mailing system on December 19, 2016.
ECF Doc. No. 1, PageID #77.  Applying the prison mailbox rule, this is the date the federal habeas
petition is considered to have been filed. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

IV.     **Procedural Barriers to Review**

In order to obtain review of the merits of a petition for writ of federal habeas corpus, a petitioner must overcome several procedural barriers to review.  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States,* 532 U.S. 374, 381, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001); *see also United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

A.     **Exhaustion and Procedural Default**

A federal court may not review a writ of habeas corpus brought under 28 U.S.C. §2254 unless the prisoner has exhausted all possible state remedies or has no remaining state remedies available.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).  To exhaust a claim, a petitioner must present it in the state courts under the same theory later presented in federal court.  And the highest court in the state must have had a full and fair opportunity to rule on the claim.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir.1998); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).  However, where state court remedies are no longer available to a petitioner because he or she failed to use them within the required state-established time limits, procedural default, not exhaustion, bars federal court review.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (internal quotations omitted).

B.     **Procedural Default**

"A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  First, a claim is procedurally defaulted when state-court remedies have been exhausted within the meaning of § 2254, but when the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state

12

procedural rule. *Id.* Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id.*

In *Maupin v. Smith,* 785 F.2d 135, (6th Cir. 1986), the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted:

(1) Whether the petitioner failed to comply with an applicable state procedural rule;

(2) Whether the state courts actually enforced the state procedural sanction;

(3) Whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) If the above are met, whether the petitioner has demonstrated "cause" and "prejudice" to excuse the default.

.Id at 138.  Absent a showing of what caused the failure to timely act in state court and resulting prejudice, federal courts may not review issues that are procedurally defaulted unless the petitioner shows that his conviction is the result of a fundamental miscarriage of justice. A fundamental miscarriage of justice is a conviction of one who is "actually innocent." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546; *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639. The Supreme Court requires the petitioner to demonstrate not merely a reasonable doubt in light of new evidence, but rather that "it is more likely than not that no reasonable juror would have convicted [the Petitioner] in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

V.   **Analysis**

A.   **Grounds One through Three**

**GROUND ONE:** The trial court erred by allowing Appellant to waive his right to counsel, as Appellant's waiver was not knowingly [*sic*], intelligently [*sic*], and voluntary.

**GROUND TWO:** The trial court erred by punishing the Defendant for exercising his constitutional right to defend himself at jury trial by sentencing Appellant to the maximum sentence for the offense of felonious assault.

**GROUND THREE:** The jury's finding of guilty was not supported by sufficient evidence.

ECF Doc. No. 1, Page ID# 20-25.

Respondent argues that Gibson's first three grounds for relief are procedurally defaulted. ECF Doc. No. 10, Page ID# 210-12.  Gibson raised the first three grounds for federal habeas relief in the state court in his direct appeal.[7]  ECF Doc. No. 10-1, Ex. 14.  On March 17, 2014, the Fifth District Court of Appeals affirmed the judgment of the trial court.  Id. at Ex. 18.  But Gibson did not file a timely appeal of that determination to the Ohio Supreme Court.[8]  More than two years later, In May 2016, Gibson attempted to file a delayed appeal, arguing that his appellate counsel never told him he could appeal to the Ohio Supreme Court.  Id. at Exs. 19 & 20.  On July 27, 2016, the Ohio Supreme Court denied Gibson's motion for a delayed appeal.  Id. at Ex. 21.  Respondent correctly argues that the Ohio Supreme Court's determination constitutes a procedural ruling sufficient to bar federal court review of Gibson's habeas petition. ECF Doc. No. 10, Page ID# 210-12.

---

[7] Gibson raised Ground One as his First Assignment of Error; Ground Two as his Second Assignment of Error; and Ground Three as his Third Assignment of Error.  ECF Doc. No. 10-1, Page ID# 248.
[8] In order to perfect an appeal to the Supreme Court of Ohio, a defendant must file a notice of appeal within 45 days from the entry of the judgment being appealed. Ohio S.Ct. Prac. R. 7.01(A)(1)(a) (i).

Given the foregoing, the court must apply the previously-discussed four-prong *Maupin* test to determine whether the procedural default will bar Gibson's claims. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Clinkscale v. Carter*, 375 F.3d 430, 440 (6th Cir. 2004); *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004).

### 1.  Noncompliance

In regard to Grounds One through Three, prong (1) is easily satisfied.  Ohio law requires a notice of appeal to the Ohio Supreme Court within 45 days from the judgment entry being appealed.  Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i).  Gibson did not comply with this rule and the Ohio Supreme Court denied his motion for delayed appeal.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004) (per curiam), cert. denied, 543 U.S. 989, 125 S.Ct. 506, 160 L.Ed.2d 375 (2004) ("the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.")

### 2.  State Court Enforcement

As to prong (2), the Ohio Supreme Court was silent as to its reasons for denying the motion.  In such circumstances, it is assumed that the state court enforced the applicable procedural bar to review. *Bonilla*, 370 F.3d at 497 (citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir.1996)).

### 3.  Independent and Adequate State Bar

Prong (3) is satisfied because the Sixth Circuit has held that "the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute adequate and independent state grounds to preclude hearing an untimely claim on the merits."  *Baker v. Bradshaw*, 495 Fed. App'x. 560, 565 (6th Cir.2012).  Thus, the Ohio Supreme Court's denial of Gibson's motion for delayed appeal was an adequate and independent state procedural ruling to bar review of his claims.

15

### 4.    Cause and Prejudice

Under prong (4), "[a] defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir.2009).  To do so, "[h]abeas petitioners…must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell*, 440 F.3d 754,764 (6th Cir. 2006).  In his reply to the state's motion to dismiss, Gibson made no cause and prejudice argument related to Grounds One through Three.  Thus, he has not met his burden of showing cause and actual prejudice.[9]

Although Gibson did not argue cause to excuse his procedural default of Grounds One through Three in his opposition to Respondent's motion to dismiss, he did argue cause to excuse his late filing of these three claims in his motion for delayed appeal to the Ohio Supreme Court. There, Gibson argued that his appellate counsel never told him that he could appeal the appeals court decision.  ECF Doc. No. 10-1, Page ID# 319.

In *Smith v. State of Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433 (6th Cir. 2006), the Sixth Circuit ruled that an appellate counsel's failure to tell a defendant how his appeal was decided could serve as cause to excuse a procedural default.  ("[T]he failure of Smith's counsel to inform Smith of the decision of the Ohio Court of Appeals affirming his conviction within days of the deadline for filing of the appeal cannot be deemed objectively reasonable, and thus

---

[9] Gibson relies on *Hockenbury v. Sowders*, 620 F.2d 111, 116 (6th Cir. 1980) to argue that a hearing is required to determine cause and prejudice.  ECF Doc. No. 25, Page ID# 2067-68.  However, that case is not applicable and does not stand for the proposition that a hearing is necessary to determine cause and prejudice.  In that case, the Sixth Circuit remanded the case back to the district court becasue an improper procedural default analysis had been employed.  The Sixth Circuit stated that it could not consider petitioner's cause and prejudice argument because it had not been argued on appeal due to the nature of the district court's analysis.  On remand, the appellate court instructed the district court to consider petitioner's cause and prejudice argument.  Nothing in the opinion stands for the proposition that a hearing is necessary to determine cause and prejudice and, in fact, cause and prejudice determinations are consistently made without need for a hearing.

16

constitutes constitutionally deficient performance." *Id.* at 435, internal quotations and citations omitted).  However, *Smith* is distinguishable.  Although Gibson does not state when he learned of the appellate decision, he did refer to the March 14, 2014 appellate decision in his April 15, 2014, application for reopening.  ECF Doc. No. 10-1, Ex. 22, Page ID# 339-40.  Thus, the record shows that Gibson was aware of the appellate court's decision within the 45-day period for appealing to the Ohio Supreme Court.  Ohio Supreme Court II §2(A)(1)(a). Accordingly, counsel's alleged ineffectiveness could not serve as cause for his failure to file an appeal to the Ohio Supreme Court within the 45-day period.[10]

In addition, Gibson cannot show that counsel's alleged ineffectiveness prejudiced him. In analyzing the prejudice prong, the *Smith* court stated that it must determine whether there was a reasonable probability that, but for counsel's deficient failure to notify the defendant of the appellate decision, the defendant would have timely appealed.  Id. at 435.

> In assessing whether a defendant such as Smith "would have timely appealed," by considering whether the defendant "promptly expressed a desire to appeal," we apply a rebuttable presumption that if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision. In the absence of other circumstances hindering the defendant's ability to attempt to appeal the decision within this time frame, allowing a greater amount of time would generally bestow a windfall upon the defendant whose counsel promptly failed to notify the defendant of a decision.

---

[10] In addition, in order for an ineffective assistance of appellate counsel ("IAAC") claim to serve as cause to excuse a procedural default, the IAAC claim itself must be fairly presented to the state court via a timely motion to reopen a direct appeal pursuant to Ohio Appellate Rule 26(B).  *Williams v. Bagley*, 380 F.3d 932, 970 (6th Cir. 2004).  Although Gibson presented a timely IAAC claim in his 26(B) application he did not base his IAAC claim on appellate counsel's failure to inform him of the outcome of his appellate decision or his rights to file an appeal with the Ohio Supreme Court.  Thus, Gibson's IAAC claim on this argument would itself be procedurally defaulted and for that additional reason could not serve as cause to excuse the default of Grounds One through Three of his petition.

Id.  As discussed above, Gibson was aware of the appellate court's determination within the 45-day period for appealing to the Ohio Supreme Court [no later than April 15, 2014, when he filed his App. R. 26(B) application for reopening].  Gibson did not file a delayed appeal to the Ohio Supreme Court until two years later.  ECF Doc. No. 10-1, Ex. 20.  Thus, there is no basis upon which to conclude that appellate counsel's alleged failure to inform Gibson of his appellate decision prejudiced him.

To the extent it could be argued that Gibson's general lack of knowledge of the forty-five day filing requirement (as opposed to the failure to notify him of the appellate decision) could serve as cause to excuse his default of habeas Grounds One through Three, that argument also fails.  Ignorance of the procedural requirements for filing a notice of appeal is insufficient to establish cause. *Bonilla,* 370 F.3d at 498 (citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir.1995)); *Miller v. Webb,* 74 F. App'x 480, 482 (6th Cir.2003); *Hall v. United States,* 41 F. App'x 743, 744 (6th Cir.2002).

### 5.     Actual Innocence

Aside from cause and prejudice, a credible claim of actual innocence can also excuse a procedural default.  However, "a credible claim of actual innocence is extremely rare," S*ouler v. Jones,* 395 F.3d 577, 600 (6th Cir. 2005), and so "[t]he actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'" *Id.* at 590 (quoting *Schlup v. Delo,* 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). An "actual innocence claim…is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Souler*, 395 F.3d at 588-89.  The presentation of a "credible" claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be

18

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012) (quoting *Schlup*, 513 U.S. at 324).

Gibson has not identified any new reliable evidence not presented at trial.  Instead, he speciously argues that one of the victim's statement during trial exonerates him ("No, I am making the whole story up.  It wasn't you.").  ECF Doc. No. 25, Page ID# 2066.  Gibson's argument is not well taken.  Reviewing the victim's testimony as a whole, it is unmistakable that her testimony did not exonerate Gibson.  Gibson, representing himself, engaged in the following line of questioning with the victim:

> Q.    Okay…if you were in the motel room between two rooms, all of the people around midnight, 1:00 in the morning and you were screaming, you think anyone would have heard you?
>
> A.    No, I am making the whole story up.  It wasn't you.
>
> Q.     The question is do you think anyone would have heard you screaming?
>
> A.    If they did, they would have came earlier.  Obviously nobody heard me or I wouldn't have had to run.
>
> ...
>
> Q.    Now, can you tell me what took you so long to go to the hotel office clerk?
>
> A.    Are you serious?
>
> Q.    Yes.
>
> A.    Because you were beating me and you held me down.

ECF Doc. No. 14, Page ID# 1592, 1600.  Thus, the victim's full testimony provides zero support for Gibson's argument that the victim's testimony exonerated him.  Moreover, even if the court were to accept Gibson's disingenuous assertion, his claim would still fail.  The actual innocence standard requires "new reliable evidence." Because this this information was presented at trial it is not new.  Accordingly, Gibson's claim of actual innocence is without merit.

**B.      Grounds Four through Eighteen**

**GROUND FOUR:** The Petitioner's constitutional rights as guaranteed under Article I, Section 9 of the Ohio Constitution, Equal Protection Clause under the Fourteenth Amendment, and Eighth Amendment to the United States Constitution, was violated when the trial court set his bail excessive.

**GROUND FIVE:** The Appellant was denied due process and the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[11]

**GROUND SIX:** The Appellant's due process rights as guaranteed under the Fourteenth Amendment were violated when the state failed to produce all exculpatory evidence, thereby violating *Brady v. Maryland* and his right to a fair trial as guaranteed under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**GROUND SEVEN:** The trial court erred by violating the appellant's Sixth Amendment right to a fair trial.

**GROUND EIGHT:** The Appellant was denied due process in violation of the Sixth and Fourteenth Amendments as guaranteed to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when the trial court denied his request for a continuance for trial preparation.

**GROUND NINE:** The prosecutor's inflammatory remark during her closing argument denied the petitioner a fair trial as guaranteed under the Sixth and Fourteenth Amendments and Article I, Section 10 of the Ohio Constitution.

**GROUND TEN:** The Appellant was denied due process of law under the Fourteenth Amendment and Article I, Section 16 of the Ohio Constitution, when the trial court denied him expert assistance.

**GROUND ELEVEN:** The Appellant was denied due process and equal protection under the law, when the State failed to provide him with a copy of transcript to prepare and effective defense.

**GROUND TWELVE:** The trial court wrongfully and unconstitutionally obtained his conviction in violation of the Due Process Clause under the Fourteenth Amendment and Article I, Section 10 and 16 of the Ohio Constitution.[12]

---

[11] In the lengthy supporting facts section to Ground Five, Gibson argues generally that his pretrial attorneys were ineffective for failing investigate and obtain various pieces of evidence to present a "substantial defense."  ECF Doc. No. 1, Page ID# 28-29.

[12] In the lengthy supporting facts section to Ground Twelve, Gibson argues that an accumulation of various trial errors violated his due process rights.  ECF Doc. No. 1, Page ID# 44.

**GROUND THIRTEEN:** The Appellant was denied his right to a fair trial when the trial court failed to examine his allegations of hired counsel, Kenneth Myers, conduct of dishonesty, fraud, deceit, misrepresentation, and the breakdown of their relationship to the point he was denied due process as guaranteed under the Fourteenth Amendment to the United States Constitution and Sixth Amendment, right to a fair trial.

**GROUND FOURTEEN:** The Appellant was denied the right to effective assistance of appellate counsel on appeal, thereby, denying him due process.

**GROUND FIFTEEN:** The Appellant was denied due process when his stand-by counsel failed to subpoena material witnesses.

**GROUND SIXTEEN:** The trial court deprived the Appellant his right to due process as guaranteed under the Fourteenth Amendment and a right to a fair trial as guaranteed by the Sixth Amendment when he was not in attendance at his bail hearing.

**GROUND SEVENTEEN:** The Appellant was deprived of his Sixth and Fourteenth Amendment rights and Article I, Section 10 of the Ohio Constitution when the witnesses written statement was not preserved for review.

**GROUND EIGHTEEN:** The trial court intentionally treated the Appellant differently in violation of the Equal Protection Clause under the Fourteenth Amendment under the United States Constitution. Fair trial.

ECF Doc. No. 1, Page ID# 25-56.

Warden Haviland asserts that Gibson defaulted his fourth through eighteenth grounds by failing to present them on direct appeal. ECF Doc. No. 10, Page ID# 213. Grounds Four through Thirteen and Fifteen through Eighteen relate to his trial and his bail hearing. Thus, these claims could have been raised on direct appeal. Ground Fourteen, however, relates to ineffective assistance of appellate counsel, which could not have been raised on direct appeal. Accordingly, Ground Fourteen will be separately discussed.

### 1.    Grounds Four through Thirteen and Fifteen through Eighteen

Gibson appears to have raised these claims in either his first or second petitions for postconviction relief pursuant to R.C. 2953.21.[13] ECF Doc. No. 10-1, Ex. 26; ECF Doc. No. 10-

---

[13] Gibson raised Ground Four to the state court in his first petition for post-conviction relief as claim 1 and in his second petition for post-conviction relief as assignment of error ("AOE") 2. ECF Doc No. 10-

2, Exs. 33 & 40.  Gibson argues that he did not procedurally default these claims because he

raised them with the state court.  ECF Doc. No. 25, Page ID# 213.  However, the state court held

that these claims were barred by the doctrine of *res judicata* for his failure to present them on

direct appeal.  Id. at Page ID# 781, 858.  Thus, unless excused, these claims are procedurally

defaulted.

Ohio law requires claims evident on the face of the trial court record to be presented on

direct appeal.  *State v. Perry,* 10 Ohio St.2d 175 (1967).  The Sixth Circuit has held that

"application of *res judicata* under § 2953.21 is an adequate and independent state ground

justifying foreclosure of constitutional claims in habeas."  *Coleman v. Mitchell*, 268 F.3d 417,

427 (6th Cir. 2001) *citing Rust v. Zent,* 17 F.3d 155 (6th Cir.1994) and *Riggins v. McMackin,* 935

F.2d 790 (6th Cir.1991).  Thus, the first three *Maupin* factors are met for Gibson's Fourth

---

2, Page ID# 738, 798.  Gibson raised Ground Five to the state court partially in his first petition for post-conviction relief as claim 4 and partially in his second petition for post-conviction relief as AOEs 12 and 14.  Id. at 817, 818-19.  Gibson presented the remaining grounds only in his second petition for post-conviction relief:  Ground Six - AOEs 3, 11, and 18.  Id. at 810, 816-17, 820-21; Ground Seven - AOE 4.  Id. at 811; Ground Eight - AOE 5.  Id. at 811-12; Ground Nine - AOE 6.  Id. at 812; Ground Ten – AOE 7.  Id. at 812-13; Ground Eleven – AOE 8; Ground Twelve – AOE 13.  Id. at 817-18; Ground Thirteen – AOE 14.  Id. at 818-19; Ground Fifteen – AOE 24.  Id. at 824-25; Ground Sixteen – AOE 28.  Id. at 826; Ground Seventeen – AOE 30.  Id. at 826-27; Ground Eighteen – AOE.  Id. at 815-16.  To the extent that some of these claims do not precisely match up and Gibson failed to present the same claim, he would be similarly barred by the doctrine of *res judicata* from brining these claims in state court and, thus, the claims are procedurally defaulted.

> Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted.

*Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (internal quotations omitted).

through Thirteenth and Fifteen though Eighteenth Grounds.  Gibson compounded his procedural default of these grounds by failing to file an appeal to the Ohio Supreme Court.[14]

Gibson appears to argue that ineffective assistance of appellate counsel ("IAAC") serves as cause to excuse his procedural default (i.e., his failure to present these claims on direct appeal).  ECF Doc. No. 25, Page ID# 2066.  Gibson states that he sent multiple letters to his appellate counsel requesting he address these claims on direct appeal.  Id.  However, Gibson's IAAC claim dos not excuse his procedural default because he didn't raise that claim in state court.

"Citing the exhaustion requirements of 28 U.S.C. § 2254, the Supreme Court has squarely rejected the possibility of raising IAAC for this purpose for the first time in a federal habeas proceeding:

> [I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim. And ... the principles of comity and federalism that underlie our longstanding exhaustion doctrine— then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)—require that constitutional claim, like others, to be first raised in state court. [A] claim of ineffective assistance,' ... generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' "

*Stokes v. Scutt*, 527 F. App'x 358, 367–68 (6th Cir. 2013) *citing Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (quoting *Murray v. Carrier,* 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

---

[14]  On this point, Gibson argues that he could not appeal the trial court's dismissal of his postconviction relief petition to the Court of Appeals because the trial court failed to render its findings of facts and conclusion of law.  Id.  Gibson's argument is factually erroneous because the trial court provided findings of fact and conclusions of law.  See ECF Doc. No. 10-1, Page ID# 855-60.  Gibson later attempted to file a delayed appeal with the appellate court.  However, the appellate court denied his delayed appeal attempt noting that a delayed appeal is not available for post-conviction relief and that Gibson failed to demonstrate cause for his untimely filing.  ECF Doc. No. 10-2, Ex. 39.

In Ohio IAAC claims must be brought via an App. R. 26(B) application.  Gibson filed a timely App. R 26(B) application arguing that appellate counsel failed to raise three issues on direct appeal:  (1) that the jury verdict forms failed to comply with R.C. 2945.75; (2) that the stand-by attorney failed to object to the bailiff administering the oath to the jurors pursuant to 2945.28; and (3) that he was deprived of his Fourteenth Amendment right of due process and his Sixth Amendment right to an impartial jury when the trial court allowed Juror #137 to sit on jury even though he'd been convicted of a felony.  ECF Doc. No. 10-1, Ex. 22, Page ID# 341-45.  These three IAAC grounds are wholly distinct from the claims in Grounds Four though Thirteen and Fifteen though Eighteen.  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674,681 (6th Cir. 2000).  Thus, Gibson never raised an IAAC claim in state court under the theories expressed in Grounds Four though Thirteen and Fifteen though Eighteen.  As a result, this court cannot now consider any ineffective assistance by Gibson's appellate counsel as cause to excuse the procedural default of these claims.  Because the IAAC argument was itself procedurally defaulted it too cannot be used as cause to excuse the procedural default of these grounds.

### 2.     Ground Fourteen

Respondent argues erroneously that Ground Fourteen (Gibson's IAAC claim) is also procedurally defaulted because it was not raised on direct appeal.  ECF Doc. No. 10, Page ID# 213.  Respondent's argument fails because Gibson could not have raised his  IAAC claims on direct appeal.  As noted above, Ohio Law requires that IAAC claims be raised in a rule 26(B) application to reopen the direct appeal.

However, Respondent's ultimate contention that Ground Fourteen has been procedurally defaulted is correct for a different reason. Ground Fourteen is procedurally defaulted because Gibson did not present that issue in his Rule 26(B) application. In Ground Fourteen, Gibson asserts that appellate counsel denied him effective assistance of counsel because he "did not obtain the complete record of all transcripts of [Gibson's] trial court proceedings on his first appeal as of right." ECF Doc. No. 1, Page ID# 48. Gibson asserts that the Ohio Court of Appeals did not have the full record for review on direct appeal. Id.

Gibson did not present this claim in his Rule 26(B) motion. Gibson presented a similar claim in his appeal to vacate or set aside judgment of conviction or sentence (i.e. his second post-conviction petition). ECF Doc. No. 10-1, Ex. 40, Page ID# 813-14. However, in that claim Gibson presented the assignment of error as an error by the trial court, not appellate counsel. Id.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court can review the petition. 28 U.S.C. §2254(b), (c). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674,681 (6th Cir. 2000). Here, Gibson did not present Ground Fourteen under the same theory to the state court. Thus, Gibson failed to exhaust this claim.

Failure to exhaust may be excused if the petitioner's claims are procedurally barred under state rules. Here, Gibson would be barred from bringing a successive Rule 26(B) motion to the state courts due to the doctrine of *res judicata*.[15] But claims deemed exhausted due to a state

---

[15] And, in fact, Gibson's attempts to bring successive postconviction appeals on other issues were indeed barred by the Ohio courts. See e.g., ECF Doc. No. 10-1, Ex. 27, Page ID# 481-82. The appellate court

procedural bar are procedurally defaulted, and federal courts are barred from considering their merits unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.  *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Gibson has not argued and, thus, has not established cause to excuse his procedural default of Ground Fourteen.  And he has not asserted his actual innocence based on the submission of any new evidence or otherwise argued that a fundamental miscarriage of justice has occurred.

### C.    Grounds Nineteen and Twenty

**GROUND NINETEEN:** The Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel failed to raise that the jury verdict forms failed to comply with R.C. 2945.75.

**GROUND TWENTY:** The appellant counsel failed to raise that Appellant was deprived of his Fourteenth Amendment right of due process and his Sixth Amendment to an impartial jury when the trial court allowed juror #137 to sit on jury convicted of a felony.

ECF Doc. No. 1, Page ID# 56-59.

In his nineteenth and twentieth grounds for relief, Gibson argues that he was denied the effective assistance of appellate counsel for (1) failing to raise an issue about the jury forms and (2) allowing a juror convicted of a felony to sit on the jury.  Gibson raised these claims in his Appellate Rule 26(B) application for reopening.[16]  ECF Doc. 10-1, Ex. 22.  The appellate court denied these claim on the merits.  Ex. 25.  Gibson filed a timely appeal to the Ohio Supreme Court.  Id. at Ex. 28.   The Ohio Supreme Court declined to accept jurisdiction of the appeal.  Id.

_____

noted that Gibson had already filed a direct appeal, a petition for postconviction relief, and a 26(B) application to reopen.  It dismissed the subsequent "appeal," finding that it was without jurisdiction to consider it.  Id.

[16] Gibson raised Ground Nineteen as the First Assignment of Error and Ground Twenty as his Second Assignment of Error.

at Ex. 31.  Warden Haviland correctly contends that Grounds Nineteen and Twenty are procedurally defaulted because Gibson failed to fairly present his federal constitutional claims in state court and failed to cite any federal or state cases employing a federal constitutional analysis. ECF Doc. No. 10, Page ID# 215.

Federal courts do not have jurisdiction to consider a federal habeas claim that was not "fairly presented" to the state courts. *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir.1987). The Sixth Circuit has identified four actions a defendant can take that are significant to the determination of whether a federal claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *See Id.* at 326.  "General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated."  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) *citing Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2d Cir.1984).

Gibson raised his Nineteenth Ground (i.e., appellate counsel's failure to raise the issue of alleged improper jury forms), in state court, but only as a state law issue.  Gibson argued that the jury verdict forms failed to comply with R.C. 2945.75(A)(2).  §2945.75(A)(2) provides that "a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."  In support of his argument Gibson also cited *State v. Pelfrey*, 2007-Ohio-256, ¶ 14, 112 Ohio St. 3d 422, 425, 860 N.E.2d 735, an Ohio case that discusses §2945.75(A)(2) without any reference to a federal constitutional issue.

Similarly, Gibson raised his Twentieth Ground (appellate counsel's failure to raise the issue of the trial court's decision to permit juror #137 to sit despite a prior felony conviction), in his Rule 26(B) application to reopen his direct appeal.  But, as with his Nineteenth Ground, he asserted only a state law violation.  Gibson argued to the state court that pursuant to Ohio Rev. Code § 2961.01 juror #137 should not have been permitted on the jury.  ECF Doc. No. 10-1, Page ID# 345; R.C. § 2961.01(A)(1) ("A person who pleads guilty to a felony…is incompetent to be an elector or juror...")  Gibson also cited a state court case (*State v. Madrigal*, 2000-Ohio-448, 87 Ohio St. 3d 378, 392, 721 N.E.2d 52) in support of his argument that refers to R.C. § 2961.01 and does not reference any federal constitutional issue.

Other than perfunctory reference to the Fourteenth Amendment and Sixth Amendment in the heading of his assignments of error, Gibson did not raise Grounds Ninety and Twenty in state court as a federal constitutional issues.  ECF Doc. 10-1, Ex. 22.  As noted above, merely citing to or using constitutional phrases like "fair trial" or "due process of law" is inadequate to raise a federal constitutional issue.  *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Thus, Gibson failed to fairly present Grounds Nineteen and Twenty as federal constitutional issues to the state court.

However, since Gibson can no longer return to state court to exhaust his claim due to a procedural bar under state rules (i.e., *res judicata*), each of these claims is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (claims deemed exhausted due to a state procedural bar are procedurally defaulted).  Moreover, Gibson has not established cause and prejudice to excuse his default in regard to Ground Nineteen and Ground Twenty.

### D.       Grounds Twenty-One through Twenty-Five

**GROUND TWENTY-ONE:** The trial court lacked jurisdiction upon its violation of the Due Process and Equal Protection Clause of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 9, 10, and 16 of the Ohio Constitution, by failing to comply with Crim. R. 45(A)(F)(H), thus increasing Appellant's bail without justification or reason on the record, thereby depriving him of the protected liberty interest in the expectancy of non-excessive or reasonable bail or a right to bail.

**GROUND TWENTY-TWO:** The trial court exceeded its jurisdiction when it failed to have a bond hearing, departing from established requirements of law recognized in Stack v. Boyle, R.C. 2937.23(A)(3) and Crim. R. 46, thereby depriving the appellant of equal protection of the law, procedural due process as guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**GROUND TWENTY-THREE:** The trial court lacked jurisdiction when the verdict forms failed to include the charging statute, (Ohio Revised Code), which specifies the offense in which the appellant was found guilty or in violation, and the degree of the felony offense in its verdict forms as mandated in State v. Pelfrey, R.C. 2954.75(A), thereby depriving him of due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**GROUND TWENTY-FOUR:** The trial court lacked jurisdiction when it failed to excuse Juror #137, (*a convicted felon*), during the voir dire, thus violating the Equal Protection and Due Process Clause of the Fourteenth Amendment, Article I, Section 10 and 16 of the Ohio Constitution, local Rule 5(A)(5), and R.C. 2961.01, depriving him of his protected liberty interest to the right to have an impartial jury as guaranteed under the Sixth Amendment to the United States Constitution.

**GROUND TWENTY-FIVE:** The Appellant's conviction violates the Sixth Amendment, Jackson v. Virginia, due process under the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution, thereby rendering its judgment void for want of jurisdiction.

ECF Doc. No. 1, Page ID# 60-77.

Gibson contends that he raised the claims in his twenty-first through twenty-seventh grounds for relief in his state habeas proceeding. Id. It does appear that his twenty-first through twenty-fifth claims were presented in his state habeas petition. ECF Doc. No. 10-4, Page ID# 1044-53, Case No. 2014-CV-73. Respondent asserts that the claims presented in Gibson's state

habeas petition are procedurally defaulted because they were not cognizable in a habeas proceeding and because the Ohio Supreme Court enforced an adequate and independent state procedural rule against him.  Ex. 50, 56.

In the per curiam opinion dismissing Gibson's state writ of habeas corpus, the appellate court found:

> [The claims] are substantially the same as those raised in his second petition for post-conviction relief.  *See, e.g., Gibson* II at ¶10-42.  They could have been raised on direct appeal, or by way of application pursuant to App. R. 26(B).  Thus, Mr. Gibson cannot establish one of the fundamental elements of a claim for habeas relief – that there was/is no adequate remedy at law.  Further, the Stark County Court of Common Pleas has found the claims barred by res judicata.  *Gibson* II at ¶8.  We agree.

ECF Doc. No. 10-4, Page ID# 1085, Case No. 2014-A-0073.  The Ohio Supreme Court subsequently affirmed the judgment of the appellate court.  Id. at Page ID# 1187.

In dismissing Gibson's state habeas petition on *res judicata* grounds, the Ohio court enforced an independent and adequate state ground, barring Gibson from the relief he sought.  This, in turn, forecloses review in subsequent federal habeas proceedings because the claims were procedurally defaulted.  *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006).  Gibson has not asserted cause and prejudice to excuse his procedural default of these grounds.  Thus, Grounds Twenty-One through Twenty-Five cannot proceed in this court.

### E.     Ground Twenty-Six

**GROUND TWENTY-SIX:** Whether the trial court dismissal of the Appellant's postconviction relief petition without issuing its finding of facts and conclusion of law as mandated by §2953.21(C), was an abuse of discretion, and violates the Equal Protection Clause and due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution, thereby depriving him of his protected liberty interest to appeal the claims of denial of his federal rights.

Ground Twenty-Six relates to Gibson's petition for post-conviction relief pursuant to Ohio Rev. Code §2953.21.  Gibson filed a motion for post-conviction relief under §2953.21 with

30

the trial court on February 5, 2014. ECF Doc. No. 10-2, Ex. 33.  The trial court denied his

request on May 23, 2014.  ECF Doc. No. 10-2, Ex. 35.  The trial court determined that *res

judicata* barred Gibson's claims because they either were raised or could have been raised at trial

or on direct appeal.  Id. at Page ID# 781-82.  Gibson failed to file a timely appeal of that

determination to the Ohio Court of Appeals.

Ground Twenty-Six is faulty in multiple ways.  First, Gibson's claim is procedurally

defaulted because he did not appeal the trial court's ruling.  Gibson later filed a motion for

delayed appeal of that order, but the appellate court determined that an Ohio App. R. 5(a)

delayed appeal was not available to appeal a post-conviction relief determination.  ECF Doc. No.

10-2, Ex. 39.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004) (per curiam), cert. denied,

543 U.S. 989, 125 S.Ct. 506, 160 L.Ed.2d 375 (2004) ("the applicable Ohio [Supreme Court]

rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling

on the merits.")

Second, the trial court's denial of Gibson's postconviction petition under the doctrine of

*res judicata* is an adequate and independent state ground precluding federal habeas relief.  When,

as here, an Ohio court uses "the doctrine of res judicata to preclude a merits determination of a

claim raised in post-conviction proceedings that had been, or should have been, raised on direct

appeal" that determination is "an adequate and independent state ground barring federal habeas

review." *Durr v. Mitchell,* 487 F.3d 423, 434 (6th Cir. 2007), *citing Coleman v. Mitchell*, 268

F.3d 417, 429 (6th Cir. 2001) and *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).

Third, even if it had not been procedurally defaulted,  Ground Twenty-Six would fail on

the merits because its premise is factually erroneous. The record belies Gibson's claim that the

trial court did not issue "findings of facts and conclusions of law."  The trial court's order

31

includes both findings of facts and conclusions of law.  See ECF Doc. No. 10-2, Ex. 35.  Thus,

Respondent's request to dismiss Ground Twenty-Six should be granted.

### F.      Ground Twenty-Seven

**GROUND TWENTY-SEVEN:** Whether a bias judge, as such in Appellant's case, is structural error? Does it deprive the trial court of jurisdiction? Does it violate the Equal Protection and Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution?

Gibson claims that he presented Ground Twenty-Seven in his state habeas petition

ECF Doc. No. 1, Page ID# 72, Case No. 2014-CA-73.  However, a review of the record reveals

that this claim was not included in Gibson's state habeas petition.  See EFC Doc. No. 10-4, Page

ID# 1041-44.  After the appellate court denied Gibson's habeas petition, he appealed that

decision to the Ohio Supreme Court.  In that appeal, Gibson raised this issue as proposition of

law number 7.  ECF Doc. No. 10-4, Page ID# 1099, 1127-30; See also Page ID#1181-82 (brief

of appellee pointing out that Gibson had not raised to the appellate court), Case No. 15-1381.

The Ohio Supreme Court affirmed the determination of the appellate court.  Id. at Ex. 56.

However, even if Gibson had included the claim in his state habeas petition, the appellate court

dismissed his state habeas petition on *res judicata* grounds.  ECF Doc. No. 10-4, Page ID# 1085,

Case No. 2014-A-0073.  Because Gibson can no longer return to state court to exhaust his claim

by application of a procedural bar under state law (i.e., *res judicata*), Gibson's twenty-seventh

ground is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546,

115 L.Ed.2d 640 (1991) (claims deemed exhausted due to a state procedural bar are procedurally

defaulted).

Gibson has not argued or established cause and prejudice in an effort to excuse his

procedural default of this ground.  As a result, Ground Twenty-Seven should be dismissed.

### G.    Ground Twenty-Eight

**GROUND TWENTY-EIGHT:** The trial court abused its discretion by dismissing the appellant's for leave to file delayed motion for new trial pursuant to Crim.R. 33(A)(1), (2), (3), and (6), under the doctrine of res judicata and Crim. R. 33(B), hence, he was deprived of a right to a fair trial as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

On February 10, 2016, Gibson filed his motion for leave to file a delayed motion for new trial pursuant to Crim. R. 33(A).  ECF Doc. No. 10-4, Ex. 57, Page ID# 1188-1247.  Gibson argued that he was entitled to a new trial under Crim. R. 33 based on new evidence.  Id. at 1190. Gibson's new evidence consisted of a voicemail from the prosecutor to the victim on July 31, 2013 advising the victim that Gibson had been found guilty on both counts of the indictment.[17] Id. at 1192.  Gibson also argued that he was entitled to a new trial based on allegations of prosecutorial misconduct, ineffective assistance of counsel, and judicial bias.  Id. at 1192-94.

Criminal Rule 33(B) provides: "[a]pplication for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered… unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."  The trial court denied Gibson's request for new trial.  It found that Gibson's claims of prosecutorial misconduct, ineffective assistance of counsel, and judicial bias, were not based on newly

---

[17] The record is inconsistent as to the date that Gibson was found guilty.  The first judgment entry after Gibson's trial states that the jury found Gibson guilty on July 29, 2013.  ECF Doc. No. 10-1, Ex. 11. However, at the time of sentencing, the trial court stated that Gibson had been found guilty on July 30, 2013.  Id. at Ex. 12.  And the transcript indicates that the jury reached its verdict on July 31, 2013.  ECF Doc. No. 14, Page ID# 1815.  However, even assuming the latest of these days (July 31, 2013), it is unclear how the prosecutor's call to advise the victim of the verdict impacted Gibson's trial.

discovered evidence. Thus, the court ruled that Gibson failed to establish by clear and convincing evidence that he was unavoidably prevented from filing his motion within fourteen days after the verdict was rendered. Id., Ex. 58, Page ID# 1249. The trial court also found that Gibson failed to establish clear and convincing evidence that he was unavoidably prevented from filing his motion for new trial related to the newly discovered evidence within the 120 day time limit. Id. at 1249-50. Alternatively, the trial court found that *res judicata* barred the consideration of Gibson's claims. Id. at 1250.

Gibson appealed the trial court's decision to the Ohio Court of Appeals. Id., Ex. 60, Page ID# 1254-68. The appellate court affirmed the trial court's determination. Id., Ex. 63. As to the issues of prosecutorial misconduct, ineffective assistance of counsel, and judicial bias, the appellate court found that these claims were not based on newly discovered evidence and were subject to the 14-day limit of Crim. R. 33(B). The appellate court also found that these claims were cognizable at the time of the direct appeal and, thus, barred by the doctrine of *res judicata* from being raised in the manner Gibson asserted. Id. at 1301. As to the Google voicemail evidence, the appellate court found that the evidence was subject to the 120-day time limit of Crim. R. 33(B), but that Gibson was not unavoidably prevented from discovering that evidence within that timeframe. Id. at 1301-02. The court noted that Google's objection to the subpoena was filed on the docket on August 22, 2013 (less than 1 month after the trial). Id. at 1301. The court reasoned that with the exercise of due diligence Gibson could have discovered the information, which ultimately led him to contact Google which advised him how to download voicemails and text messages from the phone. Id. The court further found that there was no "scienter linking [the prosecutor's voicemail] to the jury's finding of guilt." Id. at 1302.

To the extent that the state court's determination was based on the doctrine of *res*

*judicata*, that determination is an adequate and independent procedural ground barring federal habeas relief.  *Durr v. Mitchell,* 487 F.3d 423, 434 (6th Cir. 2007); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).

To the extent that the state court's determination was based on Gibson's failure file his motion within the time requirements of Crim. R. 33, a delayed motion for new trial outside of the time frame provided in Crim. R. 33 must be supported by clear and convincing evidence establishing that the ground for the new trial could not have been discovered in time to submit a timely motion for new trial in the exercise of reasonable diligence. By declining Gibson's motion on the ground that he did not present clear and convincing evidence, the trial court enforced that rule in this case; and that determination is also an adequate and independent procedural ground barring federal habeas relief.  *See Veliev v. Warden, Chillicothe Corr. Inst*., No. 2:12-CV-00346, 2014 WL 4805292, at *11 (S.D. Ohio Sept. 26, 2014); *Minor v. Brunsman*, No. 1:08–cv–583, 2014 WL 1276582, at *14 (S.D.Ohio March 27, 2014); *Moore v. Brunsman*, No. 08–cv–2895, 2010 WL 425055, at *15 (N.D.Ohio Jan.26, 2010) (concluding that "the timeliness requirement of Rule 33 is a firmly established Ohio procedural rule capable of providing the basis for a finding of procedural default in a federal habeas matter."); *Rigdon v. Ohio Adult Parole Authority*, No. 1:08cv716, 2010 WL 3910236, at *12 (S.D.Ohio July 7, 2010), adopted, 2010 WL 3910230 (S.D.Ohio Oct.4, 2010); *Carson v. Hudson*, No. 2:07–cv–00375, 2009 U.S. Dist. LEXIS 1714, at *63, 2009 WL 33367 (S.D.Ohio Jan.5, 2009), adopted, 2009 U.S. Dist. LEXIS 32578, 2009 WL 1010639 (S.D.Ohio Apr.14, 2009)).

Gibson has offered no cause or prejudice argument to excuse his procedural default of the issue raised in Ground Twenty-Eight.  Thus, that Ground should be dismissed.

## VI.     Certificate of Appealability not Recommended

### A.     Legal Standard

As amended by the AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny

the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B.    Analysis

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the court accepts the foregoing recommendations, Gibson cannot show that the Court's ruling on his procedural defaults is debatable. Thus, I recommend that a certificate of appealability not be issued in this case.

## VII.    Recommendation

Because each of Gibson's Twenty-Eight Grounds for Relief has been procedurally defaulted, I recommend that the Court DISMISS Gibson's petition for writ of habeas corpus (ECF Doc. No. 1) in its entirety.

Dated: August 14, 2017

Thomas M. Parker

United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).