**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Reginald Gibson,** | **CASE NO. 5:17 CV 0008** |
| Petitioner, | **JUDGE PATRICIA A. GAUGHAN** |
| vs. | |
| **James Haviland, Warden,** | |
| | **Memorandum of Opinion and Order** |
| Respondent. | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas Parker (Doc. 29), which recommends dismissal of the Petition for Writ of Habeas Corpus (Doc. 1) pending before the Court. Petitioner Reginald Gibson filed Objections (Doc. 36) to the Report and Recommendation. For the reasons that follow, the Report and Recommendation is ACCEPTED.

**FACTS**

In July 2013, a Stark County jury returned a verdict finding Petitioner guilty of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) and abduction in violation of Ohio

1

Revised Code § 2905.02(A)(2). The trial court sentenced Petitioner to concurrent prison terms of 8 years on the felonious assault conviction (Count 1) and 36 months for the abduction conviction (Count 2).

Petitioner filed a timely notice of appeal on August 28, 2013, in which he raised three assignments of error. The Fifth District Ohio Court of Appeals affirmed the trial court's judgment, and Petitioner did not file a timely appeal to the Ohio Supreme Court. In May 2016, Petitioner filed a notice of appeal and a motion for leave to file a delayed appeal in the Ohio Supreme Court. The Supreme Court denied Petitioner's motion and dismissed the case.

In April 2014, after the Court of Appeals affirmed the trial court's judgment, Petitioner filed an Ohio App. R. 26(B) application to reopen his appeal. The appellate court denied Petitioner's application, finding that Petitioner failed to establish ineffective assistance of appellate counsel. Petitioner timely appealed the appellate court's denial to the Ohio Supreme Court. The Supreme Court declined to accept jurisdiction.

While the direct appeal was pending, Petitioner filed a timely petition for post-conviction relief to vacate or set aside the judgment against him. The trial court dismissed the post-conviction petition, finding Petitioner's claims barred by the doctrine of *res judicata*. Petitioner did not file a timely notice of appeal of the trial court's ruling.[1]

Meanwhile, on December 2, 2014, Petitioner filed a petition for writ of habeas corpus in the Eleventh District Court of Appeals. The court dismissed the petition, finding that Petitioner's

---

[1] Petitioner also attempted to file a "second or successive" post-conviction petition, which was dismissed. The extensive procedural history of the state-court proceedings in this case is summarized in the Magistrate Judge's Report and Recommendation, which is incorporated herein by reference.

claims could have been raised on direct appeal or in his Rule 26(B) application and were barred by the doctrine of *res judicata*. Petitioner filed a notice of appeal to the Ohio Supreme Court, which affirmed the judgment and findings of the appellate court.

Petitioner filed his federal habeas petition on December 19, 2016. The petition raises twenty-eight grounds for relief. Magistrate Judge Thomas Parker issued a Report and Recommendation, which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation.

**STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing § 2254 cases in the United States District Courts provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made." *See also Thomas v. Arn.,* 474 U.S. 140, 149-52 (1985). The judge may accept, reject, or modify any proposed finding or recommendation.

**DISCUSSION**

**A. The Petition**

Petitioner set forth 28 claims for relief in his habeas petition. The Magistrate Judge found all of Petitioner's claims to be procedurally defaulted. Petitioner raises objections to the Magistrate Judge's conclusions with regard to Grounds 1-18, 21, 22, and 25-28.[2]

**1.     Procedural Default of Grounds 1-3**

---

[2] Petitioner does not raise specific objections to the Magistrate Judge's conclusions as to Grounds 19, 20, 23 and 24. As to these grounds, the Court finds no clear error and, therefore, accepts the Recommendation.

3

Petitioner raised Grounds 1-3 on direct appeal to the Fifth District Court of Appeals, but did not file a timely appeal to the Ohio Supreme Court. More than two years later, Petitioner attempted to file a delayed appeal, but the Ohio Supreme Court denied Petitioner's motion. The Magistrate Judge found that the Ohio Supreme Court's determination constitutes a procedural ruling sufficient to bar federal court review of these claims in Petitioner's habeas petition. Therefore, Petitioner needs to demonstrate cause and prejudice to overcome the procedural default.

Petitioner argues that he has cause because his appellate counsel failed to notify him that he had 45 days to appeal to the Ohio Supreme Court. Petitioner's argument is unavailing. The record shows that Petitioner was aware of the appellate court's decision within the relevant 45-day period. Furthermore, the Sixth Circuit has held that a petitioner's ignorance of the law and procedural requirements for filing a timely notice of appeal are insufficient to establish cause to excuse the procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). As such, the Court agrees that Grounds 1-3 are procedurally defaulted.

### 2. Procedural Default of Grounds 4-18

The Magistrate Judge determined that Grounds 4-13 and 15-18 were procedurally defaulted because Petitioner did not present them on direct appeal. Although Ground 14 could not have been presented on direct appeal, it was likewise defaulted because it was not raised in the Ohio App. R. 26(B) application.

Petitioner argues that the Magistrate Judge incorrectly applied the four factors set forth in *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986), to Grounds 4-13 and 15-18. The Court disagrees. Petitioner failed to raise these claims on direct appeal, as required by Ohio law. When Petitioner

4

attempted to raise these claims in post-conviction petitions, the state courts found them to be barred by the application of *res judicata*. Because the Sixth Circuit has held that the application of *res judicata* provides an adequate and independent state ground to foreclose federal review, the Court agrees with the Magistrate Judge that the first three *Maupin* factors were met.[3] As to the fourth factor, cause and prejudice to excuse the procedural default, Petitioner argues that ineffective assistance of his appellate counsel ("IAAC") (Ground 14) caused his default. However, the U.S. Supreme Court has held that a claim of IAAC can only serve as "cause" to excuse the procedural default of his claims if the IAAC claim itself is not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *see also Stokes v. Scutt*, 527 F. App'x. 358, 367-68 (6th Cir. 2013). As the Magistrate Judge found, Petitioner's IAAC claim is procedurally defaulted because it was not raised in his Rule 26(B) application and, therefore, cannot serve as "cause" to excuse the procedural default of his other claims. Petitioner's argument that Ground 14 is not procedurally defaulted is not persuasive.

### 3. Procedural Default of Grounds 21 and 22

In Ground 21, Petitioner argues that the trial court violated his constitutional rights by increasing his bail without justification. In Ground 22, Petitioner argues that his constitutional rights were violated when the trial court failed to have a bond hearing. Again, the Magistrate Judge noted that the state court applied *res judicata* to these claims, and Petitioner did not argue cause or prejudice to excuse his default. Petitioner appears to now argue that his ineffective trial

---

[3] Petitioner argues that *res judicata* should not have been applied because these claims relied on evidence outside the record. But, Petitioner did not incorporate evidence outside the record in the relevant petitions.

5

counsel was the "cause" for his procedural default. However, Petitioner's trial counsel had no impact on his post-conviction petition. Additionally, to the extent that Petitioner argues that his appellate counsel was ineffective, his IAAC claim was itself procedurally defaulted and, therefore, cannot serve as "cause" to excuse his procedural default.

### 4. Procedural Default of Grounds 25-28

The Magistrate Judge found Ground 25 to be procedurally defaulted because, although raised in the state petition, it was barred by *res judicata* and Petitioner failed to establish cause and prejudice. Likewise, the Magistrate Judge found Ground 26 to be procedurally defaulted and to fail on the merits even if not defaulted. As to the merits, Petitioner argues that the Magistrate Judge erroneously concluded that the trial court made findings of fact and conclusions of law, as required by *State v. Mapson*, 1 Ohio St. 3d 217 (Ohio 1982). But, the trial court's judgment entry did contain findings of facts and conclusions of law. (Doc. 10-2, pp. 196-99).

Petitioner objects to the Magistrate Judge's conclusion that Ground 27 is procedurally defaulted. Petitioner filed a state habeas petition, which the appellate court dismissed on *res judicata* grounds. In his appeal to the Ohio Supreme Court, Petitioner raised Ground 27 for the first time. Petitioner states that he did not raise Ground 27 in the court of appeals because only the Supreme Court of Ohio would have jurisdiction to determine whether a trial court judge is biased or prejudiced, so the court of appeals would not have been the correct venue to raise this claim.

Petitioner's argument is incorrect. Any claims he wished to make regarding his trial must have been raised prior to his appeal to the Ohio Supreme Court. *State v. Perry*, 10 Ohio St. 2d 175 (1967) (claims evident on the face of the trial court record must be presented on direct

6

appeal). Further, if Petitioner had intended to file an affidavit of disqualification pursuant to Ohio Rev. Code § 2701.03(B) as he suggests, Petitioner was required to do so not less than seven calendar days before the day on which the next hearing in his trial was scheduled, pursuant to the language of the statute.

Finally, Ground 28 challenges the trial court's denial of Petitioner's delayed motion for new trial based on the time limitations set forth in Ohio Crim. R. 33, and *res judicata*. The Magistrate Judge found this claim to be procedurally defaulted because the trial court enforced adequate and independent state grounds to deny Petitioner's motion, and Petitioner did not establish cause or prejudice to excuse his procedural default. In response, Petitioner argues that he could not access his Google voice account from prison in order to retrieve the evidence he needed to support his motion.

However, for the reasons outlined in the Report and Recommendation, the claim is procedurally defaulted. In order to establish cause to excuse the procedural default, a habeas petitioner must show that "some objective factor external to the defense prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986)). Generally, lack of access to resources is insufficient to constitute "cause" in this context. *See Bonilla,* 370 F.3d at 498 (petitioner appearing pro se, who was unable to obtain a complete copy of the record of his case and with only limited access to legal materials and unfamiliarity with the English language, could not establish cause to excuse procedural default); *see also Miles v. Bradshaw,* 2014 WL 977702 (N.D. Ohio Mar. 12, 2014) ("lack of access to resources is generally insufficient cause in a *habeas* case").

In addition, the Court notes that Petitioner cannot show prejudice. The "new evidence" upon which he wishes to base his new trial is a voicemail from the prosecutor to the victim, advising her of the outcome of the trial. As the trial court found, there is no indication that this voicemail had any connection to the outcome of Petitioner's trial.

For these reasons, the Court agrees with the Magistrate Judge's conclusion that all of Petitioner's claims are procedurally defaulted.

### B. Magistrate Judge's Denial of Motions (Doc. 30)

Petitioner objects to the Magistrate Judge's denial of several motions that Petitioner filed in support of his habeas petition before the Report and Recommendation was issued. For nondispositive matters, the district court must consider timely objections and modify or set aside any part of the magistrate judge's order that is contrary to law or clearly erroneous. *See* 28 U.S.C. § 636(b). The Court has reviewed all of Petitioner's objections, and finds that the Magistrate Judge's Order was not contrary to law or clearly erroneous.

#### 1. Motion to Compel (Doc. 11)

Petitioner sought four transcripts and twelve other documents, identified by the letters A-M. The Magistrate Judge denied Petitioner's motion. Petitioner presents some specific objections.

As to the four transcripts, three were provided to Petitioner. As to the remaining documents, the Court agrees with the Magistrate Judge that these items were not relevant to the issues before the Court.

#### 2. Request for Subpoena (Doc. 13)

The Magistrate Judge denied Petitioner's request for a subpoena to be issued to Securus Telephone, Inc. for documents, including call log records and audio of calls that Petitioner made from Stark County Jail, as well as other calls that he made during his incarceration. Petitioner argues that the documents he is requesting are vital to his claims.

Petitioner's objections are not persuasive. As the Magistrate Judge noted, habeas petitioners are not entitled to discovery as a matter of course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A petitioner must present "specific allegations" which give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09. The Court agrees with the Magistrate Judge that Petitioner cannot do so.

### 3. Motion for Evidentiary Hearing (Doc. 26)

The Magistrate Judge concluded that an evidentiary hearing was not warranted because Petitioner did not meet the standard for an evidentiary hearing, as established in 28 U.S.C. § 2254(e)(2), because most of the facts Petitioner sought to develop were already part of the state court proceedings or he did not satisfy the elements set forth in the statute. The Magistrate Judge also noted that all of Petitioner's claims are either barred from review or without merit. Petitioner argues that the record before the Court is inadequate for a meaningful review of his claims, particularly his ineffective assistance of counsel claim.

The Court agrees with the Magistrate Judge that Petitioner fails to meet the standard set forth in § 2254(e)(2).

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. To the extent that Petitioner has requested an evidentiary hearing, the Court denies his request as unnecessary. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 1/30/18